# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BANK OF AMERICA, N.A.,**

              **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-1935-Orl-22GJK**

**KATHERINE A. LUKE, et al.,**

              **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 6)** |
| **FILED:** | **December 8, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND

On September 1, 2010, Plaintiff, Bank of America, N.A., filed a Complaint for mortgage foreclosure against Defendant, Katherine A. Luke, in the Eighteenth Judicial Circuit Court in and for Seminole County, Florida (hereafter "State Court"). Doc. No. 2.[1] On August 10, 2011, the State Court entered final judgment in favor of Plaintiff. Doc. No. 1-1 at 1, 6. The State Court

---

[1] Plaintiff also named as Defendants the unknown spouse of Katherine A. Luke, Bank of America, N.A., Wildwood Homes, Inc., and unknown tenants/owners. Doc. No. 2.

subsequently set the date of judicial sale for December 8, 2011. Doc. No. 1-1 at 1. On December 2, 2011, Defendant filed a notice of removal, pursuant to "Title 28 U.S.C. 1446 D." Doc. No. 1 at 1. Defendant asserted the following bases for removal: "**BANK FRAUD**, Assignment Fraud, Forged Documents, Securitization causing the note to be bifurcated. Multiple TILA, RESPA and HOEPA Violations." Doc. No. 1 at 1 (emphasis in original). Defendant indicated her address is in Winter Springs, Florida. Doc. No. 1 at 2. Defendant also moved to proceed *in forma pauperis*. Doc. No. 3.

On December 7, 2011, the Court, *sua sponte*, remanded the case to the State Court, articulating multiple justifications. First, the Court concluded that Plaintiff's Complaint did not invoke federal question jurisdiction because the Complaint only alleges a state law claim for mortgage foreclosure. Doc. No. 4 at 2. Second, the Court concluded that Defendant could not remove the action because 28 U.S.C. § 1441(b) does not permit a defendant to "remove an action to federal court on the basis of diversity when the lawsuit is filed in the defendant's home state" and Defendant lists her address as Winter Springs, Florida. Doc. No. 4 at 2. Third, the Court concluded that Defendant's notice of removal is untimely because it was filed more than a year after the Complaint was filed, September 1, 2010. Doc. No. 4 at 2. Fourth, the Court concluded it lacked jurisdiction to review state court decisions, citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Doc. No. 4 at 3.

On December 8, 2011, Defendant filed a notice of appeal, asserting the Court "did not give due process and violated the Judiciary Act of 1789 as the Court remanded back the case to the State Court without proper timing for due process. Since the Judiciary Act of 1789 was

violated it evokes [sic] Federal Appellate Jurisdiction." Doc. No. 5 at 1. Defendant also filed a motion to proceed on appeal *in forma pauperis* (hereafter "Motion"). Doc. No. 6.

The Court is required to remand a case that was removed to federal court if it appears, at any time before final judgment, that the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to State court from which it was removed is not reviewable on appeal or otherwise, except [for] an order remanding a case to the State court from which it was removed pursuant to section 1443 . . . ." When a Court remands an action for one of the bases set forth in Section 1447(c), "review is barred 'whether or not that order might be deemed erroneous by an appellate court.'" *Div. of Archives, History & Records Mgmt., Dep't of State v. Austin*, 729 F.2d 1292, 1293 (11th Cir. 1984) (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976)). An order of remand is only subject to appellate review when the district court openly states it "'was relying on a non-1447(c) ground for remand.'" *Id.*

In this case, the Court remanded the suit back to State Court for lack of subject matter jurisdiction. This is an express basis for removal under Section 1447(c). Consequently, the Court's decision is not reviewable on appeal. *See Austin*, 729 F.2d at 1293; *In re Decorator Indus., Inc.*, 980 F.2d 1371, 1374 (11th Cir. 1992) (noting that appellate court is "prohibited from reviewing a remand order for lack of jurisdiction even when the district court's determination is clearly erroneous."). As such, Defendant does not have a good faith basis for her appeal and her Motion should be **DENIED**.

Based on the foregoing, the undersigned **RECOMMENDS** the following:

1. The Motion be **DENIED**; and

2. The Clerk be directed to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this report and recommendation to Defendant by Certified Mail.**

**RECOMMENDED** in Orlando, Florida on December 12, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
**Unrepresented Parties by Certified Mail**